(25 Misc. Rep. 657.)

### MAURY v. AMERICAN MOTOR CO.

(Supreme Court, Special Term, New York County. December, 1898.)

1. ATTACHMENT—SUFFICIENCY OF AFFIDAVIT—ALLEGATION AS TO SUMMONS.
   That an affidavit for attachment failed to allege that summons had been issued or action commenced is not sufficient ground for vacating the attachment.

2. SAME—ALLEGATIONS AS TO COUNTERCLAIMS.
   Where the assignor and assignee of a cause of action, in which an attachment is sought, make affidavit that the claim set forth in the complaint has been assigned, an allegation in the affidavit that there are no counterclaims to the "cause of action" set forth in the complaint sufficiently refers to the assigned claim, although no complaint was presented in the application for attachment.

3. SAME—WARRANT—ALLEGATIONS OF RESIDENCE.
   Where plaintiff, in an action against a foreign corporation, is alleged in the motion for attachment to be a resident of the state, such allegation is unnecessary in the warrant.

Action by John M. Maury against the American Motor Company. Defendant moves to vacate a warrant of attachment. Motion denied.

John E. Roeser, for plaintiff.
J. Edward Ackley, for defendant.

SCOTT, J. This is an application to vacate a warrant of attachment upon the ground of the insufficiency of the papers upon which

it was granted. The plaintiff sues as assignee of the claim. One of the assignors makes an affidavit stating, as of his own knowledge, facts sufficient to establish a cause of action in behalf of said assignors against the defendant, and alleging the assignment of the claim to the plaintiff. The plaintiff swears that the claim set forth in the complaint has been assigned to him; that he is justly entitled to recover from the defendant therein a certain sum of money over and above all counterclaims known to him. It is objected, in the first place, that no summons accompanied the papers on which the attachment was issued, and that said papers contain no statement that an action had been commenced or a summons issued. I have been referred to no case in which an attachment has been vacated by reason of this omission. Certain cases have been cited wherein it seems to have been assumed that it should have been made to appear that a summons has been issued when the warrant is signed, but in none of these cases was the question so presented as to necessitate the vacation of the warrant. On the other hand, it has been repeatedly held, in cases where the question was directly in issue, that it need not appear in the affidavits used in obtaining the attachment that an action had been commenced or a summons issued. Stevens v. Middleton, 26 Hun, 470; Pickhardt v. Antony, 27 Hun, 269; Stoiber v. Thudium, 44 Hun, 70.

It is further urged that the warrant itself is defective, in that it does not state, the defendant being a foreign corporation, either that the cause of action arose within this state or that the plaintiff is a resident thereof. This objection I deem to be untenable. The warrant does state that the defendant is a foreign corporation, and this is all that it is required to state, that being the ground for the issuance of the attachment. The moving papers allege distinctly that the plaintiff is a resident of this state, and thus he establishes his right to sue in our courts. Such allegation is necessary, not for the obtaining of a warrant of attachment, but for the maintenance of the action at all, and its only appropriate place is in the affidavit upon which the attachment was granted. It is further objected that the plaintiff does not effectively swear that there are no counterclaims. What he says is that the cause of action "set forth in the complaint" has been assigned to him, and that as to that there is due a certain sum over and above all counterclaims known to him. The objection made is that, inasmuch as no complaint was presented in the application for an attachment, the affidavit as to counterclaims is not shown necessarily to refer to the cause of action stated by plaintiff's assignor in the affidavit which was presented to the court. I do not think that this objection should avail. Taking the affidavits of the assignor and of the assignee together, I am of opinion that it sufficiently appears that the claim as to which the plaintiff swears that he knows of no counterclaims is the same claim the particulars of which are set forth in his assignor's affidavit, and which constitutes the cause of action herein. The other objections do not seem to require extended consideration.

Motion denied, with $10 costs.